IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

       Plaintiff,

v.

       Civil Action No. **3:10CV130**
       Civil Action No. **3:10CV568**
       Civil Action No. **3:10CV684**

HARLEY LAPPIN, *et al.*,

       Defendants.

## MEMORANDUM OPINION

Plaintiff, a former federal inmate, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff's three civil actions raise the same claim and are largely duplicitous, the Court will consolidate their adjudication. *Williams v. Vinson*, Nos. 1:08cv851 (LMB/TCB), 1:08cv852 (LMB/JFA), 1:08cv853 (LMB/TRJ), 2008 WL 7073539, at *1 n.1 (E.D. Va. Aug. 26, 2008). Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Claim

Plaintiff has two scrotal cysts. Plaintiff contends that the doctors at Federal Correctional Institution - Medium, located in Petersburg, Virginia ("FCI Petersburg"), should have conducted a biopsy to determine if the cysts were cancerous and should have recommended surgery to prevent potential problems. Plaintiff contends that the cysts are causing discomfort and pain. He is concerned that he might lose a testicle and that he will be unable to procreate. Plaintiff alleges a cause of medical malpractice and a denial of medical attention. He seeks an award of at least $85,000,000.

### Analysis

In order to state an Eighth Amendment[1] claim, a plaintiff must allege facts that suggest:   (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (*quoting Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008) (*citing Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

Regarding the second, subjective prong, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (*citing Estelle*, 429 U.S. at 105-06); *see Davis v. Stanford*, 382 F. Supp. 2d 814, 820 (E.D. Va. 2004), *aff'd*, 127 F. App'x 680 (4th Cir. 2005) ("[M]alpractice is not enough to constitute an Eighth Amendment violation." (citations omitted)).   Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

In this case, Plaintiff has submitted ample evidence that, while he was incarcerated, he was treated for his scrotal cysts.   Doctors prescribed Plaintiff antibiotics and he saw a urologist who administered an ultrasound.   Doctors prescribed a host of other medications, including pain medication.   Plaintiff's treatment was referred to Riverside Regional Medical Center, where Plaintiff obtained treatment.

When a Plaintiff receives medical treatment on numerous occasions from various doctors, his disagreement with the course of treatment does not create a claim arising under the Eighth Amendment. *Id.* (holding that a plaintiff's dissatisfaction with a doctor's treatment does not state a claim for deliberate indifference).   In evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

(1992) (*citing Estelle*, 429 U.S. at 103-04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *see also United States v. Clawson*, --- F.3d ----, No. 10-4568, 2011 WL 2572986, at *7 (4th Cir. June 30, 2011).

Plaintiff's insistence that he is in pain likewise fails to state a claim. "It would be nice if after appropriate medical attention pain would immediately cease, its purpose fulfilled; but life is not so accommodating. Those recovering from even the best treatment can experience pain." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). The Eighth Amendment does not require "prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment." *Id.* So long as medical staff respond reasonably to an inmate's complaints of pain, the inmate's Eighth Amendment rights are not violated. *See Brown v. Harris*, 240 F.3d 383, 389-90 (4th Cir. 2001). Because the reasonableness of any such response usually calls for a medical judgment, "[w]hether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes*, 95 F.3d at 592; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("'[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment.'" (*quoting Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted))).

The doctors' decisions not to conduct surgery or conduct further testing is the sort of medical decision that exceeds the scope of judicial review. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *see Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) ("Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." (*citing Ledoux v. Davies*, 931 F.2d 1536, 1537 (10th Cir. 1992))); *Gobert*, 463 F.3d at 346. No allegations suggest that the doctors' decisions were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Plaintiff does not allege that Defendants "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct.'" *Gobert*, 463 F.3d at 346 (*quoting Domino*, 329 F.3d at 756). Plaintiff has failed to state a claim upon which relief can be granted for violation of his Eighth Amendment rights. Accordingly, it is RECOMMENDED that the actions be DISMISSED.

(Aug. 8, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. On August 23, 2011, the Court received Plaintiff's objection. Subsequently, Plaintiff filed supplemental objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S OBJECTIONS

Plaintiff's first objection reads as follows:

1.    The Honorable Judge James R. Spencer recommended to the Bureau of Prison appropriate medical treatment

2.    The Bureau of Prison have violated the 8th Amendment by denying my chronic medical condition.

(Objection (capitalization corrected) (all errors in original).) The Court concludes that Plaintiff's response to the Report and Recommendation is tantamount to failing to object at all. *United States v. Wearing*, No. 3:04-cr-00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15, 2011)

("General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (*citing Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008))).

In Plaintiff's supplemental objections, Plaintiff re-states his original objection. He also complains that the Report and Recommendation does not mention a doctor whom Plaintiff saw while he resided at a halfway house. Plaintiff explains that he has filed suit against that doctor.[2] In general, he complains about the treatment he received from the doctor. Plaintiff's supplemental objections fail to identify any error in the Magistrate Judge's reasoning. Plaintiff also attaches a number of exhibits which fail to contradict the Magistrate Judge's findings. Plaintiff is advised that his suit against the doctor he saw while he resided at the halfway house is still pending.

The Court has fully considered Plaintiff's objections and agrees with the Magistrate Judge's Report and Recommendation. Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: _10-*17*-11_
Richmond, Virginia

_/s/_
James R. Spencer
Chief United States District Judge

---

[2] Plaintiff filed suit against the doctor in October 2010, after he filed suit in all three of the instant cases. *See Lewis v. Beach*, No. 3:10cv731 (E.D. Va.).

6